**SEMI–TECH LITIGATION LLC, Plaintiff,**

v.

**BANKERS TRUST COMPANY, et al., Defendants.**

No. 02 Civ.0711 (LAK).

United States District Court, S.D. New York.

Jan. 6, 2004.

Robert I. Bodian, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC, New York City, for Plaintiff.

Edward Flanders, Pillsbury Winthrop, New York City, for Defendants.

### MEMORANDUM OPINION

KAPLAN, District Judge.

By letter dated December 30, 2003 ("BT Letter"), defendant Bankers Trust Company ("BT") moves, pursuant to Fed.R.Civ.P. 37(c)(1), to preclude plaintiff from offering expert testimony in this case on the ground that its disclosure of its experts on the eve of the expiration of the discovery period was untimely.

### Facts

The reference to the bankruptcy court was withdrawn with respect to this adversary proceeding on February 25, 2002. The scheduling order, as amended, required the completion of all discovery by December 31, 2003 and the filing of a joint pretrial order by

January 15, 2004. It provided also that the case was to be ready for trial by the latter date.

On December 16, 2003—approximately 21 months after the withdrawal of the reference with respect to this case and just 15 days prior to the expiration of the discovery period—plaintiff applied for a 90 day extension of the discovery period, arguing in part that it needed time to prepare expert reports.[1] BT opposed the application,[2] which the Court denied on December 23, 2003.

On December 19, 2003, while plaintiff's application for an extension was pending, it designated two expert witnesses "to assist Plaintiff in the conduct of the Litigation." [3] It did not, however, then make any of the other disclosure required by Fed.R.Civ.P. 26(a)(2)(b). It appears to have served expert reports on December 31, 2003.

### Discussion

In this case, the scheduling order, as amended, fixed December 31, 2003 as the deadline for the completion of *all* discovery. Under Rule 26(a)(2)(C), December 31, 2003 therefore was the date by which all disclosure—not only the production of initial expert reports under Rule 26(a)(2)(B), but the production of reports of rebuttal experts and the depositions of the experts pursuant to Rule 26(b)(4)(A)—was to have been completed.[4] In consequence, it was plaintiff's duty to produce its expert reports sufficiently early to permit compliance with the December 31, 2003 discovery completion date. This it failed to do.

Rule 37(c)(1) provides in relevant part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed." While plaintiff claims that it has conducted an extensive discovery program and, in general, acted diligently, it offers no explanation for the untimely disclosure of its expert witnesses.[5] At first blush, then, this so-called self-executing provision appears to require exclusion of plaintiff's experts unless there was substantial justification for its failure. As this Court previously has noted, however, the imposition of sanctions under this rule is discretionary, and preclusion will be ordered only in rare cares.[6]

Plaintiff at best has been inattentive. It appears from its December application for an extension of the discovery period for the purpose, among others, of preparing expert reports, that it neglected to prepare the case in a timely manner, consistent with the scheduling order. Nevertheless, there is no evidence that this failure to prepare in a timely and diligent manner was a product of bad faith. Taking into account the lack of any substantial showing of prejudice to BT, the Court is unwilling to preclude plaintiff's experts provided both are produced for depositions by BT upon BT's request and that the depositions are completed by the end of January 2004.

This is at least the second case in which the question whether Rule 37(c)(1) is satisfied where expert reports first are produced on or shortly before the date set for completion of all discovery.[7] In this Court's view, it is not. In future cases, the Court will take into account the publication of this decision in determining whether to preclude testimony by experts in similar circumstances. It is unlikely to be as charitable again.

1. BT Letter, Ex. A, at 2.

2. *Id.* Ex. B.

3. *Id.* Ex. C.

4. *See, e.g., Auscape Int'l v. National Geographic Soc'y*, No. 02 Civ. 6411(LAK), 2003 WL 2004463 (S.D.N.Y. Apr.28, 2003).

The December 31, 2003 date for the completion of all discovery supercedes the default provision of Rule 26(a)(2)(C), which otherwise would have required the production of plain-tiff's expert reports 90 days prior to the January 15, 2004 trial ready date, i.e., by October 15, 2003.

5. Letter, Dec. 31, 2003.

6. *See Ward v. National Geographic Soc'y*, No. 99 Civ. 12385(LAK), 2002 WL 27777, at *2 (S.D.N.Y. Jan.11, 2002) (internal quotation marks and citations omitted); *see generally* 7 MOORE'S FEDERAL PRACTICE § 37.50 (3d ed.2000).

7. *See also Auscape, supra.*

*Conclusion*

BT's motion to preclude plaintiff from offering expert witnesses in this case is granted unless plaintiff, upon request by BT, produces Messrs. Landau and Korn for deposition and the depositions are completed on or before January 31, 2004.

SO ORDERED.